UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
DONAHUE A. MILLER,

                              Plaintiff,

                                                      1:05-CV-0429
            v.                                        (DNH)(DRH)

OFFICER AMY O'BRYAN; OFFICER PETER PALEN;
SGT. KILFOYLE, Town of Ulster Police Department,

                              Defendants.
APPEARANCES:                            OF COUNSEL:

DONAHUE A. MILLER
Plaintiff, pro se

ROEMER, WALLENS LAW FIRM          ELENA M.R. DeFIO, ESQ.
Counsel for Defendants

DAVID R. HOMER, U. S. MAGISTRATE JUDGE

## DECISION and ORDER

### I.    Background and Proceedings to Date

This action was commenced by pro se plaintiff Donahue Miller in April, 2005,

against three members of the Town of Ulster Police Department.  By his complaint,

plaintiff asserts claims arising out of his arrest on June 20, 2003, on charges of driving

while intoxicated.  Dkt. No. 1.  Plaintiff claims that defendants lacked probable cause for

his arrest and that he was improperly subjected to chemical tests without his consent

and in violation of his right to counsel.  Id.[1]

Plaintiff also commenced an action in state court seeking to recover medical

costs associated with injuries he sustained at the Ulster Police Department immediately

---

[1]  According to the petition for habeas corpus relief filed by plaintiff in February,
2006, he pleaded guilty to charges of driving while intoxicated and aggravated unlicensed
operation of a motor vehicle and was sentenced to two and one-third to seven years
imprisonment.  See Miller v. Hunt, 9:06-CV-0177 (NDNY) (DNH/DRH).

following his arrest.  See Dkt. No. 15 at ¶¶ 2-5; <u>Miller v. Town of Ulster Police Dept. &</u>

<u>Officer O'Bryan</u>, Index No. 03-3992 (Ulster County).[2]

Defendants filed their answer to the complaint in September, 2005 and the

parties thereafter undertook discovery.  Following a conference with the Court on March

8, 2006, the deadline for completion of discovery was set for September 15, 2006, and

the motion filing deadline was set for November 1, 2006.  Dkt. No. 27.[3]

Presently before the Court are motions filed by plaintiff seeking to stay the state

court action and transfer jurisdiction to this Court, to compel the defendants to provide

further discovery, and to consolidate this matter with his pending application for a writ of

habeas corpus.  Dkt. Nos. 32, 33, 39.  Defendants have responded in opposition.  Dkt.

Nos. 38, 40, 41.[4]

## II.    Motion to Stay, Transfer Jurisdiction and Extend Discovery

Plaintiff seeks an order of this Court staying proceedings in his state court action

and "transferring" or removing that action to this court.  Dkt. No. 32.  Plaintiff's previous

request for this relief, made during the conference with the Court on March 8, 2006,

was denied.  See Dkt. No. 32 at ¶ 5; Dkt. No. 40 Aff. at ¶ 13.

Defendants have filed papers in opposition.  Dkt. No. 40.

Plaintiff invokes 28 U.S.C. § 2283 in support of his request that this Court stay

---

[2]  According to defendants' counsel, trial in that action had been set for March 5, 2007, but has been rescheduled by the court for August 13, 2007.  Dkt. No. 50.

[3]  Defendants have filed a motion for summary judgment.  Dkt. No. 41.  This motion will be addressed by separate order.

[4]  Defendants' letter motion for additional time to respond to those motions (Dkt. No. 37) is denied as moot.

the state court action.  Section 2283 provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except where expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  As defendants correctly maintain, § 2283 does not provide any basis upon which this Court could restrain or otherwise interfere with the proceedings in plaintiff's state court action.  Dkt. No. 40.  None of the three limited circumstances stated therein are present in this case, and plaintiff's request for a stay is denied.

Plaintiff also seeks to remove the state court action to this Court.  A state court action may be removed to federal court only in limited circumstances where the federal court has original jurisdiction over the claims in the plaintiff's complaint.  28 U.S.C. § 1441.  Removal is available only to defendants in a state court action, and must be sought promptly after commencement of the state court proceeding.  See 28 U.S.C. § 1446(b).

Plaintiff may not remove the state court action to this Court or otherwise "transfer" jurisdiction of the claims asserted therein, and this requested relief is denied.

The final aspect of plaintiff's motion is a request to extend the discovery completion date.  Plaintiff claims that his discovery rights in the state court action were improperly restricted, and he seeks the opportunity in this action to conduct further discovery relating to his negligence claims.[5]  In light of the denial of plaintiff's motion to

---

[5]  According to New York Supreme Court Justice E. Michael Kavanagh, it appeared that plaintiff was attempting to undertake discovery in the state court action relating to the claims asserted in this action.  Dkt. No. 40 part 4 (Decision of Kavanagh, JSC in Miller v. Town of Ulster Police Dep't, Index No. 03-3992, issued 11/16/04 at p. 2).

remove or transfer his state claims to this court, his request for further discovery in

support of those claims is denied.

### III.    Motion to Compel

Plaintiff seeks an order of this Court directing defendants to further respond to

his interrogatories and requests for documents.  Dkt. No. 33.

Defendants oppose the motion.  Dkt. No. 38

Plaintiff claims that defendants improperly refused to respond to a set of

interrogatories and document requests he served on July 1, 2006.  Dkt. No. 33 at 1.  By

letter dated July 17, 2006, defendants' counsel advised plaintiff that the interrogatories

were being rejected because plaintiff had exceeded the twenty-five interrogatory limit

set forth in Rule 33 of the Federal Rules of Civil Procedure.  Dkt. No. 38, ex. B.

Counsel advised plaintiff that she "look[ed] forward to receiving" interrogatories that

conformed with the Federal Rules.  *Id.*

Plaintiff served revised discovery requests on the defendants on August 3, 2006.

Dkt. No. 38.[6]  Plaintiff's revised discovery consists of separate sets of interrogatories

addressed to each defendant.  The revised discovery requests seek to elicit

substantially the same information that plaintiff sought in his original demands.  In

response to plaintiff's motion, defendants' stated that they were in the process of

responding to those discovery requests.  Dkt. No. 38 at 3.

Insofar as plaintiff's motion to compel seeks judicial relief from this Court with

---

[6]  By letter dated July 1, 2006, plaintiff advised that he sought to propound
additional interrogatories to defendant O'Bryan, many of which related to his state law
claims and were duplicative of the discovery requests made in that action.  Dkt. No. 30.
Plaintiff's request to serve additional discovery is denied.

respect to his original discovery demands, the motion is denied.  Defendants promptly objected to those discovery demands on the ground that they did not comply with the applicable Federal Rules and clearly advised plaintiff that he could serve revised discovery requests, which he did.  Accordingly, there is no basis upon which this Court may award plaintiff relief with respect to the original discovery requests.

As to plaintiff's revised discovery demands, the motion must also be denied.  As set forth in Rule 33(b)(3) of the Federal Rules of Civil Procedure, a party has thirty days from the date of service in which to respond to interrogatories.  Plaintiff's revised discovery requests were dated July 28, 2006, and were received by defendants' counsel on August 3, 2006.  Dkt. No. 38.  Accordingly, when plaintiff filed his motion to compel on August 16, 2006, defendants' responses to those discovery requests were not yet due.

## IV.    Motion to Consolidate

Plaintiff seeks to consolidate this action with his pending application for a writ of habeas corpus.  Dkt. No. 39.  Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions pending before the court which involve "a common question of law or fact."  Fed. R. Civ. P. 42(a).

Defendants urge the denial of this motion on the ground that plaintiff has failed to demonstrate that consolidation is appropriate.  Dkt. No. 41.

As discussed herein, this action was filed pursuant to 42 U.S.C. § 1983, and seeks money damages from the three individual defendants, who were employed as police officers for the Town of Ulster at the time of plaintiff's arrest.  Defendants are represented by counsel for the Town of Ulster.  A motion for summary judgment has

been filed on behalf of the defendants.

The pending habeas corpus proceeding arises out of plaintiff's guilty plea in Ulster County Supreme Court, and seeks plaintiff's release from prison. The habeas corpus petition names the superintendent of Groveland Correctional Facility, where plaintiff is incarcerated, as the respondent. See Rule 2(a) of the Rules Governing § 2254 Cases. The respondent in the habeas corpus proceeding is represented by the Office of the New York State Attorney General. A response to the petition has been filed and the matter is before the Court for consideration.

Upon review, the Court finds that plaintiff has not meet his burden of demonstrating that consolidation is warranted. There is no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of these two proceedings would be avoided by consolidation. Plaintiff's motion is therefore denied.

**V.     Conclusion**

WHEREFORE, it is hereby

ORDERED, plaintiff's request to serve additional discovery on defendant O'Bryan (Dkt. No. 30) is denied, and it is further

ORDERED, that plaintiff's motion to stay, transfer jurisdiction, and extend discovery (Dkt. No. 32) is denied, and it is further

ORDERED, that plaintiff's motion to compel (Dkt. No. 33) is denied, and it is further

ORDERED, that defendants' request for additional time to respond to plaintiff's motions (Dkt. No. 37) is denied as moot, and it is further

6

ORDERED, that plaintiff's motion to consolidate (Dkt. No. 39) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated:   March   12   , 2007
        Albany, New York

_____
United States Magistrate Judge